1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERTO J. EDWARDS,                    Case No.  2:24-cv-2480-JDP (PC)

12              Plaintiff,                   **ORDER**

13        v.                                 GRANTING PLAINTIFF'S APPLICATION
                                             TO PROCEED IN FORMA PAUPERIS
14   R. SINGH, *et al.*,                       AND DISMISSING THE COMPLAINT
                                             WITH LEAVE TO AMEND
15              Defendants.
                                             ECF Nos. 1 & 2
16

17

18        Plaintiff, a state inmate, brings this § 1983 action against correctional officer R. Singh and

19   CDCR.  ECF No. 1.  The allegations in the complaint are insufficient to proceed in the same

20   action.  Plaintiff's application to proceed *in forma pauperis* makes the required showing and will

     be granted.  Plaintiff's complaint, however, will be dismissed with leave to amend.
21
                                **Screening and Pleading Requirements**
22
          A federal court must screen the complaint of any claimant seeking permission to proceed
23
     *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and
24
     dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon
25
     which relief may be granted, or seeks monetary relief from a defendant who is immune from such
26
     relief.  *Id.*
27
          A complaint must contain a short and plain statement that plaintiff is entitled to relief,
28

                                               1

1   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

2   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

3   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

4   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

5   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

6   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

7   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

8   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

9   n.2 (9th Cir. 2006) (en banc) (citations omitted).

10       The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

11   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

12   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

13   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

14   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

15   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

16   1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

17                                              **Analysis**

18       The complaint alleges two unconnected claims.  First, the complaint alleges that defendant

19   Singh falsified documents on January 15, 2020, that led to plaintiff being placed in solitary

20   confinement and being denied parole for two years.  ECF No. at 2.  Second, that plaintiff has

21   "been the victim of multiple crimes, agonizing incarceration, and ha[s] suffered a tremendous loss

22   of various property."  *Id.* at 3.  The complaint also claims that CDCR is liable for its employees'

23   actions.  *Id.*

24       The court has conducted the required screening and finds that the complaint does not

25   comply with the federal rules concerning joinder of claims.  Under Rule 20 of the Federal Rules

26   of Civil Procedure, a plaintiff cannot bring unrelated claims against different defendants.  *See*

27   *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated

28   defendants belong in different suits.").  In other words, a plaintiff cannot join claims against

1   defendant B that have nothing to do with those brought against defendant A.  Conclusory

2   allegations concerning a wide-ranging conspiracy are not sufficient to satisfy the joinder rules.

3   Additionally, plaintiff is notified that there can be no liability under 42 U.S.C. § 1983 unless there

4   is some affirmative link or connection between a defendant's actions and the claimed deprivation.

5   *Rizzo v. Goode*, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official

6   participation in civil rights violations are not sufficient.  *Ivey v. Board of Regents*, 673 F.2d 266,

7   268 (9th Cir. 1982).

8           For these reasons, the complaint will be dismissed with leave to amend.

9           Plaintiff may file an amended complaint.  He is advised that the amended complaint will

10   supersede the current complaint.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir.

11   2012) (en banc).  This means that the amended complaint will need to be complete on its face

12   without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended

13   complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended

14   complaint, as in an original complaint, plaintiff will need to assert each claim and allege each

15   defendant's involvement in sufficient detail.  The amended complaint should be titled "First

16   Amended Complaint" and refer to the appropriate case number.

17           Accordingly, it is ORDERED that:

18           1.  Plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

19           2.  Plaintiff's complaint, ECF No. 1, is dismissed with leave to amend.

20           3.  Within thirty days from service of this order, plaintiff shall file either (1) an amended

21   complaint or (2) notice of voluntary dismissal of this action without prejudice.

22           4.  Failure to timely file either an amended complaint or notice of voluntary dismissal may

23   result in the imposition of sanctions, including a recommendation that this action be dismissed

24   with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

25           5.  The Clerk of Court shall send plaintiff a complaint form with this order.

26

27

28

3

IT IS SO ORDERED.


Dated:    November 14, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4