UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO J. EDWARDS, | Case No. 2:24-cv-2480-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| R. SINGH, *et al.*, | |
| Defendant. | |

Plaintiff, a state inmate proceeding pro se, alleges in his first amended complaint that R. Singh—a correctional officer—violated his Eighth Amendment rights by falsifying information that led to plaintiff being placed in solitary confinement. ECF No. 17. The allegations fail to state a claim. Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies noted herein.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that on January 10, 2020, defendant falsified documents that led to him being placed in solitary confinement. ECF No. 17 at 3. He contends that this action violated his Eighth Amendment right to be free from cruel and unusual punishment. *Id.* He alleges that his placement in solitary confinement led to him suffering from mental anguish, loss of parole opportunities, lost wages, and loss of personal property. *Id.*

Plaintiff's first amended complaint fails to state a claim. To sufficiently allege an Eighth Amendment conditions of confinement claim, a plaintiff must allege that he has been both deprived of the minimal civilized necessities of life and that the defendant acted with a deliberate indifference. *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1995). Placement in solitary confinement alone is insufficient to allege an Eighth Amendment violation. *Anderson v. Cnty. of*

1  *Kern*, 45 F.3d 1310, 1315-16 (9th Cir. 1995) (holding that the use of solitary confinement—being
2  in a cell for twenty-three hours a day—was within the terms of confinement ordinarily
3  contemplated by a sentence, and it did not rise to the level of an Eighth Amendment violation).
4  Moreover, plaintiff fails to allege that defendant acted with a deliberate indifference in placing
5  him in solitary confinement. As such, he has not sufficiently alleged an Eighth Amendment
6  violation.

7        To the extent plaintiff's complaint can be read as raising a due process argument based on
8  being placed in solitary confinement due to the false disciplinary reports, the claim still fails. To
9  bring a due process claim based on falsified disciplinary reports, plaintiff would need to allege
10  that he was deprived of a liberty interest due to the false reports. *See Brown v. Leyva*, No. CV 1-
11  07-1406-CKJ, 2009 WL 129879, *3 (E.D. Cal. Jan. 20, 2009) (finding that prisoner failed to state
12  a cognizable due process claim based on allegedly false reports leading to his solitary
13  confinement because he did not allege that he was not afforded due process); *see also Rodgers v.*
14  *Reynaga*, No. CV 1-06-1083-JAT, 2009 WL 62130, *2 (E.D. Cal. Jan. 8, 2009) (finding that
15  inmate's allegations that defendants conspired to fabricate a false criminal offense that resulted in
16  his re-housing in administrative segregation failed to state a cognizable due process claim because
17  he failed to make sufficient factual allegations); *Jones v. Woodward*, No. 1:14-cv-2084-SAB,
18  2015 WL 1014257, *2 (E.D. Cal. Mar. 6, 2015) ("[T]he fact that a prisoner may have been
19  innocent of disciplinary charges brought against him and incorrectly held in administrative
20  segregation does not raise a due process issue. The Constitution demands due process, not error-
21  free decision-making."). Plaintiff does not so allege.

22        Accordingly, plaintiff's complaint is dismissed for failure to state a claim. I will allow
23  plaintiff a chance to amend his complaint before recommending that this action be dismissed.
24  Plaintiff should take care to add specific factual allegations against each defendant. If plaintiff
25  decides to file an amended complaint, the amended complaint will supersede the current one. *See*
26  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the
27  amended complaint will need to be complete on its face without reference to the prior pleading.
28  *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer

serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's complaint, ECF No. 17, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   April 16, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4