1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ROBERTO J. EDWARDS,                    Case No.  2:24-cv-2480-JDP (P)

12            Plaintiff,

13        v.                                 ORDER; FINDINGS AND
                                             RECOMMENDATIONS
14    R. SINGH, *et al.*,

15            Defendants.

16

17         On April 17, 2025 I screened plaintiff's amended complaint and dismissed it for failure to

18    state a claim.  ECF No. 18.  Plaintiff was ordered to file, within thirty days, either an amended

19    complaint or a notice of voluntary dismissal of this action.  *Id.*  Plaintiff failed to comply with that

20    order.  Therefore, on May 22, 2025, I ordered plaintiff to show cause why this action should not

21    be dismissed.  ECF No. 19.  I notified plaintiff that if he wished to continue with this lawsuit, he

22    must file an amended complaint.  I also warned plaintiff that failure to comply with the May 22

23    order would result in a recommendation that this action be dismissed.  *Id*.  Plaintiff has not

24    responded to the order to show cause, and the time to do so has passed.[1]

25         The court has the inherent power to control its docket and may, in the exercise of that

26

27         [1] Although it appears from the file that plaintiff's copy of the April 17, 2025 and May 22,
      2025 orders were returned, plaintiff was properly served.  Pursuant to Local Rule 182(f), service
28    of documents at the record address of the party is fully effective.

                                             1

1 power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*,

2 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to

3 comply with these Rules or with any order of the Court may be grounds for imposition by the

4 Court of any and all sanctions . . . within the inherent power of the Court.").

5       A court may dismiss an action based on a party's failure to prosecute an action, failure to

6 obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54

7 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258,

8 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended

9 complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to

10 comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v.*

11 *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court

12 order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of

13 prosecution and failure to comply with local rules).

14       In recommending that this action be dismissed for failure to comply with court orders, I

15 have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's

16 need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

17 favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."

18 *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

19       Here, plaintiff failed to respond to orders directing him to file an amended complaint and

20 to show cause why this action should not be dismissed. *See* ECF Nos. 18 & 19.  Therefore, the

21 public interest in expeditious resolution of litigation, the court's need to manage its docket, and

22 the risk of prejudice to the defendant all support imposition of the sanction of dismissal.  Lastly,

23 my warning to plaintiff that failure to obey court orders will result in dismissal satisfies the

24 "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-

25 33; *Henderson*, 779 F.2d at 1424.  The May 22 order expressly warned plaintiff that his failure to

26 comply with court orders would result in dismissal. ECF No. 19.  Plaintiff had adequate warning

27 that dismissal could result from his noncompliance.  I therefore find that the balance of factors

28 weighs in favor of dismissal.

1       Accordingly, it is hereby ORDERED that the Clerk of Court assign a district judge to this

2   matter.

3       Further, it is hereby RECOMMENDED that:

4       1.  This action be dismissed without prejudice for failure to prosecute, failure to comply

5   with court orders, and failure to state a claim for the reasons set forth in the court's April 17, 2025

6   order.

7       2.  The Clerk of Court be directed to close the case.

8       These findings and recommendations are submitted to the United States District Judge

9   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

10  service of these findings and recommendations, any party may file written objections with the

11  court and serve a copy on all parties.  Any such document should be captioned "Objections to

12  Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

13  within fourteen days of service of the objections.  The parties are advised that failure to file

14  objections within the specified time may waive the right to appeal the District Court's order.  *See*

15  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

16  1991).

17

18  IT IS SO ORDERED.

19
    Dated:    August 1, 2025    _____

20                              JEREMY D. PETERSON
                                UNITED STATES MAGISTRATE JUDGE
21

22

23

24

25

26

27

28

                                      3